## HATCH *et al.* v. FERGUSON *et al.*

(*Circuit Court, D. Washington, N. D.* November 18, 1892.)

FRAUDULENT DECREE—EQUITABLE RELIEF—JURISDICTION.

An independent suit in equity may be maintained in a federal court between parties of diverse citizenship to vacate a decree of a state court, and have a sale of property made pursuant to that decree annulled, and complainants' title to the property established, when such decree is alleged to have been fraudulently obtained, and has been fully executed, and when complainants have no remedy by motion in the same case because the land has passed into the hands of third persons, who claim to be innocent purchasers, and who must therefore be brought in as new parties. *Arrowsmith* v. *Gleason,* 9 Sup. Ct. Rep. 237, 129 U. S. 86, applied. *Cowley* v. *Railroad Co.,* 46 Fed. Rep. 325, distinguished.

In Equity. Suit by Dexter Hatch and others against E. C. Ferguson and others to annul a decree of the state court in a partition suit. On demurrer to bill. Overruled.

*James Hamilton Lewis,* for plaintiffs.

*F. H. Brownell,* for defendants.

HANFORD, District Judge, (*orally.*) The complainants, who are minor children of Ezra Hatch, deceased, bring this suit by their mother, as their next friend, asking to have a decree of the superior court of Snohomish county, in this state, in a partition suit, vacated, and a sale of property pursuant to that decree annulled, and their claim of title to the real estate affected by the decree and sale established. The ground alleged is a conspiracy between E. C. Ferguson, who was appointed by their father's will to be their guardian, and the defendant Henry Hewett, Jr., to obtain this property from them for less than its true value, and that those proceedings, by reason of collusion between Mr. Hewett and Ferguson, were hurried through the superior court without a fair investigation and ascertainment of facts, and contrary to the principles of equity. In short, the ground for the proceeding is fraud. They show that the decree which they ask to have vacated has been fully executed. Nothing remains of the case pending in the superior court of Snohomish county. Everything that could be done to completely transfer the title has been done, and since the completion of all the proceedings in the superior court Mr. Hewett, who was the purchaser at the judicial sale, has transferred the property to the defendants the Everett Land Company and Judson La Moure.

In support of this demurrer the defendants claim that this court has no jurisdiction, because the case is still in such a condition in the superior court of Snohomish county that the complainants can go there, and, upon establishing the facts alleged in their bill, have the decree and proceedings vacated by an order of that court. If it appeared to me to be the fact that they could be fully restored to all their rights by a simple motion in the superior court of Snohomish county, I should feel inclined to follow my own decision in the case of *Cowley* v. *Railroad Co.,* 46 Fed. Rep. 325, and sustain this demurrer. In that case I held that

an independent suit in equity to vacate a judgment or enjoin proceedings to enforce a judgment could not be maintained so long as the party had a remedy by motion in the same case and in the court in which the judgment complained of was entered. But in this case, suppose the infant complainants should go to the superior court of Snohomish county, and show the facts alleged in their bill to be true, and have an order vacating the decree and the proceedings in that court, where would they then stand? The defendants, who are now claiming this land, would not be affected. They would retain the land until by a new, original, independent suit it could be recovered from them. This case is one in which something more is sought than a mere vacation of the judgment erroneously and fraudulently obtained, or to enjoin proceedings upon it. There is a new controversy between new parties who were not parties to the suit in the Snohomish county court, who must be brought into court before the complainants can be restored to the rights of which they have been divested. On this ground I hold that the case comes fully within the rule in the case of *Arrowsmith* v. *Gleason*, 129 U. S. 86, 9 Sup. Ct. Rep. 237, and complainants have the right to sue in this court. If an independent suit in equity to establish the rights they claim here can be maintained in any court, this court has no right to say that they shall go to another court. By the express provisions of the act of congress this court is given concurrent jurisdiction with the courts of the state. Its jurisdiction is founded on the fact that the case involves a controversy between citizens of different states. On that ground they have the right to choose this as their forum, and the court has no right to refuse to hear their case.

The Code of this state by an express provision saves the rights of *bona fide* purchasers of land sold under a decree or judgment, even against a party who subsequently to the sale succeeds in a proceeding to reverse the decree or judgment for error, or set it aside for fraud. 2 Hill's Code, § 1437. This case is complicated by the fact that one of the defendants has already filed an answer pleading that he is a purchaser of part of the land in actual good faith, and, under the provisions of the Code, if he maintains this plea, he will be entitled to keep that land, although the proceedings in the superior court of Snohomish county be set aside, and the complainants, if they are wronged, must be remitted to their remedy by an action for damages. The bill itself tenders an issue as to the good faith of the purchases by the defendants, who now claim all of the land.

I therefore overrule the demurrer.